**LAW OFFICES OF NICHOLAS M. WAJDA, ESQ.**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MIGUEL PARRACHO,<br><br>  Plaintiff,<br><br>v.<br><br>AARGON COLLECTION AGENCY,<br><br>  Defendant. | CIVIL ACTION<br><br>COMPLAINT 2:21-cv-00442<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**NOW COMES** the Plaintiff, MIGUEL PARRACHO ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, AARGON COLLECTION AGENCY ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is in this district and Defendant's conduct occurred in this district.

1

**PARTIES**

4. MIGUEL PARRACHO ("Plaintiff") is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in Monroe, New Jersey.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. AARGON COLLECTION AGENCY ("Defendant") is a debt collection agency with principal place of business located at 8668 Spring Mountain Road, Suite 100, Las Vegas, Nevada.

7. Defendant regularly attempts to collect debts allegedly owed by consumers residing in the state of New Jersey.

8. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**FACTS SUPPORTING THE CAUSE OF ACTION**

9. At some point, Plaintiff received medical services from Osceola Regional Medical Center ("Osceola").

10. Unfortunately, Plaintiff was unable to pay his obligation to Osceola.

11. In or around March 2021, Plaintiff started receiving phone calls from Defendant regarding the debt owed to Osceola ("subject debt").

12. On or around March 11, 2021, Plaintiff answered a phone call from Defendant.

13. Defendant did not verify Plaintiff's identity before beginning to speak about the subject debt.

14. Also during this phone call, Plaintiff requested that Defendant stop calling.

15. Unfortunately, on March 12, 2021, Defendant placed another call looking for Plaintiff.

16. Plaintiff's aunt answered the phone call from Defendant.

17. When Plaintiff's aunt asked why Defendant was calling, Defendant's representative told her who Defendant was and that they were attempting to reach Plaintiff to collect an alleged debt.

18. Furthermore, Defendant's representative stated the name of the company that Plaintiff allegedly owed money to.

19. Concerned with the fact that Defendant disclosed information that it was collecting a debt, especially since the subject debt is a medical bill, Plaintiff felt embarrassed and was worried about his privacy being violated.

20. Plaintiff, concerned about further violations of his privacy, he sought and retained counsel to help with this matter.

### CLAIMS FOR RELIEF
#### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

22. The subject debt on which Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692b and b(2)**

23. Section 1692b of the FDCPA regulated how debt collectors can communicate with third parties.

24. Specifically, § 1692b(2) states that a debt collector communicating with a third party can "not state that such consumer owes any debt."

25. Defendant violated §§ 1692b and b(2) when it knowingly disclosed information to Plaintiff's aunt regarding the nature, amount, and status of the subject debt.

26. Specifically, Defendant placed a phone call to Plaintiff's phone but still gave information regarding the subject debt to Plaintiff's aunt without asking for verification of her identity and relationship to Plaintiff.

    **b. Violations of FDCPA §§1692d and d(5)**

27. Section 1692d of the FDCPA provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated 15 U.S.C. §§ 1692d and d(5) by placing collection calls to Plaintiff after Plaintiff requested that the phone calls cease.

29. Defendant's collection calls, after Plaintiff requested that they cease, resulted in a direct breach of his privacy, which can be described as an abusive and harassing phone call.

**WHEREFORE** Plaintiff, MIGUEL PARRACHO, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

30. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 17, 2021, 2021                                  Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
LAW OFFICES OF NICHOLAS M. WAJDA, ESQ.
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com